IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DOUGLAS PATERSON,

          Plaintiff,

    v.                                    ORDER

FRANK BISIGNANO,[1]                       24-cv-700-amb
*Commissioner of Social Security*,

          Defendant.

---

This is an action for judicial review of the Social Security Administration's denial of Douglas Paterson's application for disability benefits. After the parties stipulated to a remand, Dkt. 6, plaintiff received a favorable decision from the commissioner.

Bryan Konoski, plaintiff's counsel, moves for a fee award under 42 U.S.C. § 406(b). Dkt. 12. The statute allows a prevailing party to recover a reasonable fee, but the total amount awarded at the district court and the administrative level may not exceed 25 percent of the past benefits awarded. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 792 (2002). Konoski and plaintiff entered into a fee agreement under which plaintiff agreed to pay 25 percent of any award of withheld benefits to counsel. Dkt. 12-3 at 2. Konoski represents that 25 percent of past benefits awarded is $22,292.00, but he requests less than that, $13,092, which makes his effective hourly rate $2,727.50.[2]

---

[1] The court has amended the caption to reflect Frank J. Bisignano's appointment as Commissioner. *See* Fed. R. Civ. P. 25(d).

[2] This figure is derived by dividing the $13,092.00 counsel seeks by the 4.8 hours his timesheet indicated he worked on this case, although, as discussed later, 1.5 of the 4.8 hours were worked by a paralegal. Dkt. 12-4.

In assessing a fee for reasonableness, "a district court must begin with the contingency award as its polestar and consider whether that amount should be reduced because it is unwarranted based on relevant factors," *Arnold v. O'Malley*, 106 F.4th 595, 601 (7th Cir. 2024), such as "the time and labor required; the skill required; whether the fee was contingent or fixed; the amount involved and the result attained; the attorney's experience, reputation, and ability; and the awards in similar cases. *DeBack v. Saul*, No. 17-CV-924-JDP, 2020 WL 13542704, at *1 (W.D. Wis. May 4, 2020) (citing *McGuire v. Sullivan*, 873 F.2d 974, 979, 983 (7th Cir. 1989)).

The court concludes that the fee requested by Attorney Konoski is not reasonable. The timesheet record Konoski submitted, Dkt. 12-4, shows that he worked 3.3 hours on the case, and a paralegal worked 1.5 hours. Accounting for the time the paralegal worked, Konoski's motion yields an effective rate of $2,727.50 per hour. Although plaintiff in this case agreed to a 25% contingency fee in exchange for legal representation, and although plaintiff obtained a favorable result, a rate of nearly $3,000.00 per hour would be an unreasonable windfall for Attorney Konoski. First, this case was not particularly difficult or contentious, and did not require the kind of skillful, experienced, and ardent legal representation that would justify such a rate. This case was promptly resolved by a one-page motion to remand with a one-page proposed order, Dkt. 6, which, according to the timesheet record, accounted for less than an hour of Attorney Konoski's time. *See* Dkt. 12-4.

Second, Attorney Konoski does not cite, and the court is not aware of, any cases that support such a rate. On the contrary, this court has held that, absent extraordinary reasons not present here, a rate of more than $1000.00 per hour is unreasonable under § 406(b). *Pazour v. Berryhill*, No. 16-cv-20-wmc, Dkt. 22 at 2 (W.D. Wis. Oct 9, 2019); *Petitt v. Berryhill*, No.

2

18-cv-504-wmc, Dkt. 32 at 2 (W.D. Wis. June 30, 2020) (both cases limiting awards to $1,000 per hour effective rate).

The court understands that Social Security claimant's attorneys work on contingency bases by necessity and that the 25 percent contingency fee to which plaintiff agreed is standard, and the court does not question the experience, reputation, or ability of Attorney Konoski or his firm. But even given these considerations, if a claimant receives an award of back benefits that is "large in comparison to the amount of time counsel spent on the case, a downward adjustment [in the fee award] is . . . in order." *Saul*, 2020 WL 13542704, at *2 (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002)). In light of plaintiff's counsel's successful work on this case and the significant award obtained for plaintiff, the court concludes that an hourly rate of $1,000 per hour is reasonable and sufficient to safeguard against Attorney Konoski obtaining a windfall. Accordingly, the court will award $4,800 under 42 U.S.C. § 406(b).

The court previously granted the parties' stipulated motion for fees under the Equal Access to Justice Act (EAJA), Dkt. 8, which awarded $1,009.13 in attorney fees and expenses, Dkt. 10. However, counsel represents that the total award was offset to pay plaintiff's federal non-tax debt, and so Konoski never received any of the award. *See* Dkt. 12 at 3 & Dkt. 12-4. Konoski's representation appears accurate, but, to the extent Konoski received any fees under the EAJA, he must refund that amount to plaintiff. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002).

ORDER

IT IS ORDERED that:

1. Attorney Bryan Konoski's motion for fees under § 406(b), Dkt. 12, is GRANTED in part and DENIED in part.

2. The court approves representative fees under § 406(b) in the gross amount of $4,800.

3. The net amount of $4,800 shall be disbursed by the Commissioner from any of plaintiff's past-due benefits being withheld and in accordance with agency policy.

Entered June 2, 2026

BY THE COURT:

/s/

_____
ANITA MARIE BOOR
Magistrate Judge

4